**Slip Op.** 12-49

## UNITED STATES COURT OF INTERNATIONAL TRADE

<table>
<tr><td>

UNITED STATES,

                                Plaintiff,

               v.

GREAT AMERICAN INSURANCE CO. OF NY,

                          and

WASHINGTON INTERNATIONAL INSURANCE CO.,

                            Defendants.

</td></tr>
</table>

Before Richard W. Goldberg, Senior Judge
Court No. 09-00187

## OPINION AND ORDER

[Plaintiff's Motion to Amend the Judgment is denied.]

Dated: April 11, 2012

*Stuart F. Delery*, Assistant Attorney General; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office; *Amy M. Rubin*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice; *Joseph M. Barbato* and *Andrew G. Jones*, Office of Assistant Chief Counsel for the U.S. Customs and Border Protection, Of Counsel; *Joanna Theiss*, Office of Chief Counsel for the International Trade Administration, U.S. Department of Commerce, Of Counsel, for the plaintiff.

*Mark D. Plevin*, *Theodore R. Posner*, and *Alexander H. Schaefer*, *Crowell & Moring LLP*, for defendant, Great American Insurance Company of New York.

*Thomas Randolph Ferguson* and *Arthur K. Purcell*, *Sandler, Travis, & Rosenberg, P.A.*, for defendant, Washington International Insurance Company.

Goldberg, Senior Judge: Before this Court is Plaintiff's motion to amend the judgment

entered on August 31, 2011 for the above-referenced case.  Plaintiff moves to amend the

judgment to include pre- and post-judgment interest, pursuant to USCIT Rule 59(e).

## Background

Plaintiff, the United States ("Government"), moved for summary judgment against

Defendant, Great American Insurance Company of New York ("GA"), to recover under eight

single transaction basic importation and entry bonds and against defendant, Washington

International Insurance Company ("WIIC"), to recover under one continuous such bond.

This Court entered judgment on August 31, 2011, granting the Government's motion for

summary judgment with respect to five of GA's single transaction bonds and WIIC's continuous

bond.

## Discussion

The Government argues that it is entitled to interest under 19 U.S.C. § 580 ("section 580

interest"), which it claims is a statutory incentive for the prompt payment of debts, designed to

prevent the Government from having to sue to collect those debts.  The Government also

contends that it is entitled to equitable prejudgment interest, which compensates the Government

for the lost use of the funds owed.

Defendants oppose the Government's motion, arguing that: (1) the Government did not

timely brief the issue of prejudgment interest; (2) even if the Court entertains the motion, the

Government is not entitled to equitable interest; (3) if equitable interest is awarded, it did not

accrue until after Defendant's protest was denied; (4) 19 U.S.C § 580 does not apply to surety

bonds securing the payment of antidumping duties; and (5) the Government is not entitled to

both equitable and statutory interest.

A Rule 59(e) motion "involves 'reconsideration of matters properly encompassed in a

decision on the merits.'" *United States v. Ford Motor Co.*, 31 CIT 1178, 1180 (2007) (quoting

*White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L. Ed. 2d 325,

331 (1982)).  Specifically, a Rule 59(e) motion questions the correctness of a judgment and seeks

to have the judgment altered or amended.  *Id.*  The motion must be "aimed at reconsideration, not

initial consideration."  *Fed. Deposit. Ins. Corp. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.

1992) (citations omitted).[1]  Thus, a motion under Rule 59(e) "cannot be used to raise arguments

that could, and should, have been made before the judgment issued."  *Marseilles Homeowners*

*Condo. Ass'n v. Fid. Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008); *see also Fed. Deposit*

*Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).[2]

The Government's motion requests that the Court reconsider the correctness of its

judgment.  However, the Government fails to recognize that the Court's judgment purposely

---

[1] This Court commonly refers to other courts' interpretations of the Federal Rules of Civil Procedure when a specific federal rule corresponds to this Court's own rules. *See Apple Computer, Inc. v. United States*, 14 CIT 719, 720, 749 F. Supp. 1142, 1144 (1990) ("In considering a motion to alter or amend the judgment, made under Rule 59(e) of the Rules of this Court, the court may look for guidance to those cases which have interpreted and applied the corresponding federal rule of civil procedure.").

[2] A court "may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available [before] or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1369 (Fed. Cir. 2004); *see also Marseilles Homeowners*, 542 F.3d at 1058 (stating that a motion under Rule 59(e) must clearly set forth a "manifest error of law or fact or must provide newly discovered evidence").

excluded an award of interest because the Government did not raise this issue in its motion for

summary judgment.  The Government only made two references to interest in the papers

submitted to the Court.  First, the *wherefore clause* of the Government's complaint sought a sum

of money "together with pre- and post-judgment interest . . . ."  The second reference is in the

*proposed order* attached to the Government's motion for summary judgment, which merely

stated that the Government was seeking a specific sum of money "plus interest in accordance

with 19 U.S.C. § 580."  The Government did not request equitable prejudgment interest in its

complaint or its motion for summary judgment.

Now, in its Rule 59(e) motion, the Government sets forth the reasons it is entitled to

prejudgment interest under 19 U.S.C. § 580.  The plain language of the statute does not indicate

whether the provision applies to bonds securing payment of antidumping duties.  19 U.S.C.

§ 580 provides that:

> Upon all bonds, on which suits are brought for the recovery of duties, interest
> shall be allowed, at the rate of 6 per centum a year, from the time when said
> bonds became due.

Notably, this statute was enacted in 1799.  Act March 2, 1799, ch. 22, § 65, 1 Stat. 676.

At that time, the only duties collected were customs duties. Thus, 19 U.S.C. § 580 significantly

predates antidumping law, which emerged in the early twentieth century, and it is unclear

whether it applies to bonds issued to secure payment of antidumping duties.

The Government asserts that section 580 interest applies, irrespective of whether the

bonds secure customs, antidumping, or countervailing duties, because it "is an exaction aimed at

motivating recalcitrant debtor sureties to pay their debts instead of forcing the Government to sue

to collect on those debts." Pl. Br. at 8.  The Government takes this language from a 1983

proposed change to the Customs regulations that sought to establish interest charges on certain

delinquent accounts.  *See* 48 Fed. Reg. 10,077 (Mar. 10, 1983).  The specific portion relied on by

the Government begins with the statement that "[i]t is the position of the U.S. Customs Service

that section 580 is not an interest charge for the use of funds, but an exaction aimed at motivating

apparently recalcitrant debtor sureties to pay . . . ."  *Id.* at 10,078.  In the final adopted rule,

Customs' analysis states:

> The Act of March 2, 1799, C. 22, Section 65, 1 Stat. 676 (19 U.S.C. 580), is
> applicable to suits brought to the Government upon all bonds for the recovery of
> duties.  The importer of record is liable for the principal amount of the debt (duty)
> and interest which is assessed upon the late payment of that principal amount.  A
> surety bears the same liability.  If Customs must sue the debtor under a bond, it is
> entitled to recover the principal amount of the debt, plus interest assessed for the
> late payment, plus an additional amount of 6 percent assessed under 19 U.S.C.
> 580.  [Customs] believe[s] 19 U.S.C. 580 is applicable only against delinquents
> where the Government must pursue collection through judicial action . . . .

51 Fed. Reg. 34,954 (Oct. 1, 1986).

In ruling on the Government's motion, the Court need not, and does not, decide whether

Customs' construction of section 580 nearly thirty years ago is correct.  This issue should have

been raised in the Government's motion for summary judgment, especially considering the

Government's argument that Customs' interpretation is entitled to deference under *Chevron*

*U.S.A., Inc. v.  Natural Res. Def. Council, Inc.*, 467 U.S. 837 (1984), which is a separate legal

issue.  It is not appropriate to raise the issue in a Rule 59(e) motion because "'[p]rejudgment

interest, unlike post-judgment interest, normally is considered an element of the judgment itself, that is, of the relief on the merits . . . .'" *First State Bank of Monticello v. Ohio Cas. Ins. Co.*, 555 F.3d 564, 572 (7th Cir. 2009) (quoting *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 410 (7th Cir. 1999)).  Thus, the party seeking interest must clearly set forth its request for such relief and the legal basis supporting it.  This is particularly true in light of the ambiguity of the statute under which the Government claims it is entitled to interest.

The Government also asserts that it is entitled to equitable prejudgment interest.  The Government's contention that it is entitled to both statutory and equitable interest is incorrect because it is in the absence of a statute that provides for interest that a court may exercise its equitable powers to award prejudgment interest.  *See City of Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 194, 115 S. Ct. 2091, 2095, 132 L. Ed. 2d 148, 154 (1995) (stating that "the absence of a statute merely indicates that the question is governed by traditional judge-made principles") (citing *Monessen Sw. Ry. Co. v. Morgan*, 486 U.S. 330, 336–337, 108 S. Ct. 1837, 1843, 100 L. Ed. 2d 349, 359 (1988)).  Nevertheless, the Government failed to raise this issue in its motion for summary judgment, and even if it had, the Court is not convinced that a balancing of the equities would result in an award of equitable prejudgment interest.

The Court notes that in the case upon which the Government primarily relies, *United States v. Canex Int'l Lumber Sales, Ltd.*, 35 CIT __, Slip Op. 11-98 (Aug. 5, 2011), the Government did not request interest pursuant to 19 U.S.C. § 580.  In that case, the Government *did* raise and fully brief the issue of equitable prejudgment interest in its

motion for summary judgment.  The Court finds that case inapposite because (1) it did

not address a bond securing payment of antidumping duties; (2) it did not address section

580 interest; and (3) the parties briefed the issue of prejudgment interest at the

appropriate time in the litigation process, not in a subsequent Rule 59(e) motion.

Here, other than making two passing references to interest in the complaint and a

proposed order, the Government did not raise or brief the issue of prejudgment interest in

its motion for summary judgment.  Thus, the Government's motion to amend the

judgment is not requesting the Court to reconsider this issue, but rather, to consider it for

the first time, which contravenes the purpose of a Rule 59(e) motion.  *World Univ. Inc.*,

978 F.2d at 16.  Given the statutory ambiguity and the unique nature of the request,[3] it

was incumbent upon the Government to set forth the reasons that it was entitled to

section 580 interest in its motion for summary judgment.  The Government cannot now

raise arguments that it could, and should, have made before the judgment issued.

*Marseille Homeowners*, 542 F.3d at 1058.

Therefore, although the issue of prejudgment interest *may* be a proper subject for a Rule

59(e) motion, the party seeking prejudgment interest must have requested such interest prior to

the entry of judgment.  *Monticello*, 555 F.3d at 572.  The Government's attempt to "[raise] the

issue of prejudgment interest for the first time in a Rule 59(e) motion, after summary judgment

---

[3] Research has not revealed a reported decision in which the U.S. Court of International Trade has awarded interest pursuant to 19 U.S.C. § 580 in a case in which the Government has sued an importer or surety for recovery on a bond securing payment of antidumping duties.

Court No. 09-00187                                                              Page 8

[has been] entered, [is] too late." *Id.* In sum, because there is nothing for the Court to reconsider

and no oversight for the Court to rectify, the Government's Rule 59(e) motion is denied.[4]

### **Conclusion and Order**

For the foregoing reasons, the Government's motion to amend the judgment to include

interest is **DENIED**. **IT IS SO ORDERED**.

/s/ Richard W. Goldberg
Richard W. Goldberg
Senior Judge

Dated: April 11, 2012
New York, New York

---

[4] The Court declines to award post-judgment interest at this time because the Government did not address this issue in its motion. The Court notes that the statute to which the Government refers in its proposed amended judgment, 28 U.S.C. § 1961, does not apply. *See* 28 U.S.C. § 1961(a), (b)(2).